## Commonwealth v. Fry

*William B. Arnold,* assistant district attorney, for Commonwealth.

*S. V. Hosterman,* for defendant.·

ATLEE, P. J., January 19, 1935.—On May 31, 1934, a retailer's malt liquor license was granted by the county treasurer of Lancaster County in accordance with the provisions of the Act of December 20, 1933, P. L. 75, to one William R. Fry. The place where the privileges under the license were to be exercised was defined in the petition for license as no. 156 Locust Street, in the Borough of Columbia. The place was operated under the name "Silver Front" restaurant. On June 29, 1934, the district attorney of Lancaster County filed a petition for the revocation of the license theretofore granted as aforesaid. On July 13, 1934, the Court of Quarter Sessions of the County of Lancaster entered an order revoking the license and assessed the costs of the hearing upon the licensee William R. Fry.

Subsequently the court entered a rule to show cause why an attachment for costs should not issue against the body of the defendant. Upon revocation or suspension of licenses by the court of quarter sessions the court has power to assess or remit costs in its discretion: Act of December 20, 1933, P. L. 75, sec. 1, 47 PS §96. This is all that the act says about the costs. In the opinion of the instant court this provision is not sufficient to enable the court to grant an attachment against the person of the late licensee to enforce the payment of the costs.

Under section 18 of the Act of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, P. L. 75, sec. 1, 47 PS §100 (a), all licensees must give a bond in the sum of $1,000, and every such bond shall be turned over to the district attorney, or the Attorney General, as the case may be, to be sued out if, and when, the licensee's license shall have been revoked as herein provided. Under this provision of the statutes the instant court feels that the legislature intended costs, etc., to be paid for out of the proceeds of the bond required to be given by licensees. Had the legislature intended that the court should have the right to issue an attachment against the person of the licensee in a case like the instant case, the court feels that the legislature would have so provided.· In the absence of any grant of this power the instant court feels that they have no power to issue an attachment as asked in the instant application.

The rule to show cause why an attachment for costs should not issue against William R. Fry, late licensee, is discharged.